IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,308-01






EX PARTE ERNESTO JAVIER ALVARADO, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 751516-A IN THE 337TH JUDICIAL

DISTRICT COURT HARRIS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). A jury found Applicant guilty of murder and assessed punishment at forty-six years
in prison and a $10,000 fine. The conviction was affirmed on direct appeal in an unpublished
opinion. Alvarado v. State, No. 01-03-00289-CR (Tex. App.--Houston [1st Dist.] delivered
June 3, 2004, pet. ref'd). 

 Applicant initially filed a writ application that was non-compliant with the appellate
rules and the trial court recommended that it be dismissed. However, Applicant has since
cured the defect in his application. The State has not had an opportunity to respond to the
merits of Applicant's claims and the trial court has not made findings regarding the merits
of the claims. Thus, it is this Court's opinion that additional information is needed before this
Court can render a decision, including any response the State may provide and an affidavit
from trial counsel addressing Applicant's ineffective assistance of counsel claims.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order affidavits. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court may rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law that are relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. Further, because this Court does not hear evidence, Ex
parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. 
Resolution of the issues shall be accomplished by the trial court within 90 days of the date
of this order. (1) A supplemental transcript containing all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition along with the trial
court's supplemental findings of fact and conclusions of law, shall be returned to this Court
within 120 days of the date of this order. (2)




DELIVERED: February 8, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.